DISSENTING OPINION BY
President Judge PELLEGRINI.
Until 2012, Section 6138(a) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a), required that when a parolee was recommitted as a convicted parole violator, no matter what the nature of the crime, the parolee did not receive credit for the time that he or she spent at liberty on parole. However, in 2012, the *617 Parole Code was changed by adding Section 6138(a)(2.1), 61 P&.C.S. § 6138(a)(2.1), to give the Board of Probation and Parole (Board) the power to grant credit for the time spent at “liberty on parole” against a parolee’s maximum sentence. Section 6138(a)(2.1)(i) provides, in pertinent part:
The board may, in its discretion, award credit to a parolee recommitted ... for the time spent at liberty on parole, unless any of the following apply:
(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders). (Emphasis added).
This was one of the changes made by the Act of July 5, 2012, P.L. 1050 (Act 122) that was enacted to make the state’s corrections system more efficient by keeping low-risk cases out of prison in' favor of less expensive and more effective sentencing. See Stewart Greenleaf, Essay, Prison Reform in the Pennsylvania Legislature, 160 U. PA. L. REV 179 (2011).
The central issue in this case is whether, at a minimum, the Board has to show that it exercised discretion when it denied or, for that matter, granted a parolee credit for time spent at liberty on parole against his or her sentence by giving some reason why it granted or denied such credit. In this case, the Board’s recommitment decision gave no reason whatsoever, and its later decision denying Pittman’s request for administrative relief merely stated that “as a convicted parole violator you automatically forfeited credit for all the time that you spent on parole.” (Board 6/20/14 Decision).
In the ■ criminal context, because it will result in a loss of liberty, it has been held that a sentencing court’s failure to exercise its discretion by considering the factors set forth in Section 9721(b) of the Sentencing Code, 42 Pa.C.S. § 9721(b), or the factors mandated by Sections 9722 through 9725, 42 Pa.C.S. §§ 9722-9725, constitutes reversible error requiring the vacation of sentence and remand for re-sentencing. See Commonwealth v. Artis, 294 Pa.Super. 276, 439 A.2d 1199, 1203 (1982). We have also held that a trial court’s failure to exercise any discretion in and of itself constitutes an abuse of discretion. Gillespie v. Department of Transportation, Bureau of Driver Licensing, 886 A.2d 317, 319-20 (Pa.Cmwlth.2005). I believe that the Board violated Section 6138(a)(2.1) of the Parole Code by not giving any reasons for denying Pittman credit for the time that he was at liberty on parole in its recommitment decision and for denying his request for administrative relief because it found that he was ineligible for credit based solely on his status as'a convicted parole violator.
I would hold that 61 Pa.C.S. § 6138(a)(2.1) requires the Board to give a reason as to how it exercised its discretion to grant or deny a parolee credit against his original sentence for time spent at liberty on parole. First, the parolee would be informed that the issue was considered by the Board as required by the Parole Code and, just as important, that the Board has complied with' the legislative mandate to exercise its discretion. Second, by requiring the Board to explain why it denied or granted credit for time spent at liberty on parole allows the public and the legislature to see how the Board exercises its discretion and carries but its discretion to grant such credit.
The reason that the Board gives does not have to be expansive. A one sentence *618 explanation for the Board’s denial of credit can be sufficient, and the Board knows how to do this. See, e.g., Sampson v. Pennsylvania Board of Probation and Parole, 2015 WL 5314640 (Pa.Cmwth., No. 1107 C.D.2014, filed March 25, 2015), at 6 (Hearing Report contained handwritten notation of “DV — assaulted wife” beneath the checkbox); Torres v. Pennsylvania Board of Probation and Parole, 2015 WL 5436794 (Pa.Cmwlth., No. 1009 C.D.2014, filed April 10, 2015), at 9 n. 3 (Board indicated as a reason for denying credit “Conviction in court of record established.”).
Moreover, the need for the Board to give a reason for its decision is exemplified here because, in denying administrative relief, the Board stated that Pittman was not eligible for credit for the time that he had spent at liberty on parole only because he was a convicted parole violator. That may have been law before the 2012 amendments to the Parole Code, but it was not the law when the Board denied credit in this case following the enactment of Act 122. It appears here that Pittman was not given credit solely because the Board did not realize that the Parole Code had been amended by Act 122 thereby allowing for certain convicted parole violators to be granted such credit. This constitutes both an error of law and an abuse of discretion because the Board failed to exercise its discretion as now required by the Parole Code and requires this Court to vacate the Board’s decision and remand for reconsideration.[1]
Accordingly, I respectfully dissent.
Judge LEAVITT joins in this dissenting opinion.

. As the Supreme Court has explained:
"Abuse of discretion” is synonymous with a failure to exercise a sound, reasonable,-and legal discretion. It is a strict legal term indicating that [an] appellate court is of [the] opinion that there was commission of an error of law 'by-the trial court.' It does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge but means the clearly erroneous conclusion and judgment — one that is clearly against logic and effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing; ah improvident exercise of discretion; an error of law.
Commonwealth v. Powell, 527 Pa. 288, 590 A.2d 1240, 1244 n. 8 (1991) (citation omitted).